IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM STRASBURG,**

    **Plaintiff,**

v.                                                Civil Action No. 2:24-cv-16

**CHIEF RIGGLEMAN, MOOREFIELD POLICE,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION [ECF NO. 14], DISMISSING PLAINTIFF'S
COMPLAINT WITHOUT PREJUDICE [ECF NO. 1], AND DENYING AS MOOT
DEFENDANT'S MOTION TO DISMISS [ECF NO. 10]**

    **I.**     **BACKGROUND AND REPORT AND RECOMMENDATION**

On July 1, 2024, Plaintiff William Strasburg ("Plaintiff" or "Strasburg") filed a pro se complaint against Chief Stephen Riggleman of the Moorefield, West Virginia Police Department ("Defendant" or "Chief Riggleman") regarding an alleged unlawful arrest and related law enforcement interactions. ECF No. 1. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. ECF No. 3.

On July 22, 2024, Defendant moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. On August 30, 2024, the Magistrate Judge entered a Report and Recommendation ("R&R") [ECF No. 14], recommending the Court dismiss Plaintiff's Complaint [ECF No. 1] without prejudice and

**Strasburg v. Riggleman**  2:24-cv-16

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION [ECF NO. 14], DISMISSING PLAINTIFF'S
COMPLAINT WITHOUT PREJUDICE [ECF NO. 1], AND DENYING AS MOOT
DEFENDANT'S MOTION TO DISMISS [ECF NO. 10]**

deny as moot Defendant's Motion to Dismiss [ECF No. 10]. ECF No. 14. The R&R informed the parties that they had fourteen (14) days plus an additional three (3) days from the date of the filing of the R&R to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." It further warned them that the "[f]ailure to timely file objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Id. at p. 13. Strasburg filed objections to the R&R, dated September 18, 2024. ECF No. 15.

## II. OBJECTIONS AND STANDARD OF REVIEW

Plaintiff filed his *Response to Defense Recommendation* on September 23, 2024. ECF No. 15. When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold

2

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION [ECF NO. 14], DISMISSING PLAINTIFF'S
COMPLAINT WITHOUT PREJUDICE [ECF NO. 1], AND DENYING AS MOOT
DEFENDANT'S MOTION TO DISMISS [ECF NO. 10]**

portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (emphasis added) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766.

3

**Strasburg v. Riggleman**                                                          2:24-cv-16

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION [ECF NO. 14], DISMISSING PLAINTIFF'S
COMPLAINT WITHOUT PREJUDICE [ECF NO. 1], AND DENYING AS MOOT
DEFENDANT'S MOTION TO DISMISS [ECF NO. 10]**

Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b).

Here, Plaintiff asserts that he adequately pled facts to support claims of libel/defamation, malicious prosecution, and other constitutional violations. ECF No. 15. Further, Plaintiff contends that Chief Riggleman is not entitled to qualified immunity and that the statutes of limitation have not passed. Id. at p. 2. However, Plaintiff does not cite to any legal authority to contradict the application of qualified immunity or the statute of limitations.

First, the Magistrate Judge, construing Plaintiff's pro se Complaint liberally, interpreted Plaintiff's alleged constitutional claims to be based on 42 U.S.C. § 1983. ECF No. 12 at p. 7. The Report and Recommendation rightly identified that the applicable statute of limitations for a 42 U.S.C. § 1983 claim or a West Virginia personal injury claim is two years. Owens v. Okure, 488 U.S. 235, 249-50 (1989); W. Va. Code § 55-2-12. Similarly, the statute of limitations for a defamation or libel claim in West Virginia is one year. W. Va. Code § 55-2-

4

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION [ECF NO. 14], DISMISSING PLAINTIFF'S
COMPLAINT WITHOUT PREJUDICE [ECF NO. 1], AND DENYING AS MOOT
DEFENDANT'S MOTION TO DISMISS [ECF NO. 10]**

12(c). The allegations in Plaintiff's pro se Complaint occurred between January and March of 2022. ECF No. 1. Strasburg, however, did not file suit until July 1, 2024. Thus, more than two years passed since the most recent allegation in the Complaint.

In Plaintiff's objections to the R&R, he asserts that the claims are current because he is still suffering from the effects of Chief Riggleman's alleged defamatory conduct and the alleged false arrests. ECF No. 15 at p.p. 2-3. However, per the discovery rule, Plaintiff's argument fails. Under West Virginia's discovery rule, "the statute of limitation began to run . . . when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action." Post v. Amerisourcebergen Corp., No. 1:19-CV-73, 2023 WL 5598969, at *2 (N.D.W. Va. Aug. 29, 2023) (quoting Dunn v. Rockwell, 689 S.E.2d 255, 265 (W. Va. 2009). Here, there was no delayed discovery and thus the statute of limitations began to run at the time of Chief Riggleman's alleged misconduct. Accordingly, Plaintiff's claims are barred by the applicable statutes of limitation.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION [ECF NO. 14], DISMISSING PLAINTIFF'S
COMPLAINT WITHOUT PREJUDICE [ECF NO. 1], AND DENYING AS MOOT
DEFENDANT'S MOTION TO DISMISS [ECF NO. 10]**

Second, Plaintiff does not offer any legal authority to support his claim that Chief Riggleman is not entitled to qualified immunity. Qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 230 (2009) (quotation marks and citation omitted). As stated in the R&R, each of Plaintiff's claims arise in the course of Defendant's work as the Chief of Police of the Moorefield, West Virginia Police Department. Plaintiff's Complaint nor his objections provide the necessary facts or law to defeat the qualified immunity defense. Accordingly, Plaintiff's objections [ECF No. 15] are **OVERRULED**. The Court reviewed the remainder of the R&R for clear error and found none.

### III. CONCLUSION

For these reasons, the Court **ADOPTS** the R&R in its entirety [ECF No. 14] and **OVERRULES** Plaintiff's objections [ECF No. 15]. Defendant's motion to dismiss [ECF No. 10] and all other pending motions are **DENIED AS MOOT**. Strasburg's Complaint is **DISMISSED WITHOUT PREJUDICE** and the Court **DIRECTS** the Clerk to strike this

6

Case 2:24-cv-00016-TSK-MJA   Document 16   Filed 03/21/25   Page 7 of 7 PageID #: 92

**Strasburg v. Riggleman**                                              2:24-cv-16

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION [ECF NO. 14], DISMISSING PLAINTIFF'S
COMPLAINT WITHOUT PREJUDICE [ECF NO. 1], AND DENYING AS MOOT
DEFENDANT'S MOTION TO DISMISS [ECF NO. 10]**

case from the Court's active docket.

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to counsel of record via email and the pro se Plaintiff via certified mail, return receipt requested.

**DATED:** March 21, 2025

/s/ Tom S Kleeh
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA